———o———

No. 4695.
Court of Appeal, Parish of Orleans.

F. HINRERER VS. MR. AND MRS. F. E. HAINES.

Costs follow the judgment.

Appeal from the Civil District Court, Division "C."

Merrick, Lewis, Gensler & Schwartz, for plaintiff and Appellee.

A. J. Rossi, Theo. Cotonio, for Defendant and Appellant.

DUFOUR, J: In this proceeding to tax costs the appeal is taken from the following opinion and decree:

"The provisions of C. P. 550, in my opinion, refer to all manner of pleas and, in consequence therewith, each party must bear the costs of those in which he is cast.

"Under the circumstances, plaintiff is liable only for the costs incurred by defendants and in those matters only in which they were successful.

"The amount tendered by him more than covers the costs for which he is liable. The rule will therefore be made absolute in favor of the defendants for the amount herein deposited in court, $12.30, and in all other respects will be dismissed at mover's costs."

In every case the costs shall be paid by the party cast and the same rule obtains in incidental demands, whether dilatory or declinatory. C. P. 549-550.

An incidental demand is one made in order to obtain something relating to the principal object of the suit and must be decided at the same time with the principal.

In may be instituted by the defendant either against the plaintiff or against third persons not parties to the cause; such are demands in compensation, in reconvention, in warranty. C. P. 97, 154, 362, 363.

Supposing, however, that the term "incidental demands" is used, not technically, but literally, as meaning "all manner of pleas, we find that, in this instance, the judge imposed on the defendant, who won the suit, the costs of a rule taken by planitiff to sell as perishable certain movables previously seized.

This court affirmed the judgment dissolving the provisional seizure on the ground that defendant had not signed the lease and rent notes; this absolutely settled the case in his favor.

We see no reason why the plaintiff should not pay the costs incurred in his attempt to sell property ultimately held to have been illegally seized.

The proceeding directly grew out of the seizure and the costs were the legitimate outcome of plaintiff's act.

—379—

Judgment amended by allowing mover in rule $38.15, and, as amended, affirmed, appellee to pay costs of appeal.

## ON REHEARING.

DUFOUR, J. The costs of the opposition and intervention of the Union Furniture Company were inadvertently allowed against the plaintiff, the error will now be corrected.

Our previous decree is amended so as to read as follows:

Judgment amended by allowing mover in rule $28.60, and as amended, affirmed, appellee to pay costs of appeal.